USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-5-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MRS. ALISON L. PETTY,

                      Plaintiff,

          - against -

MICHAEL J. ASTRUE, *Commissioner of Social Security*,

                   Defendant.

**OPINION AND ORDER**

**12 Civ. 1644 (LTS) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I.  INTRODUCTION

*Pro se* Plaintiff Alison Petty brings this action under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security ("Commissioner") denying the plaintiff disability insurance and Supplemental Security Income ("SSI") benefits.  Before the Court are Petty's applications to proceed *in forma pauperis* and a request for the assignment of counsel.

For the reasons that follow, Petty's application to proceed *in forma pauperis* is **GRANTED** and her application for counsel is **DENIED** without prejudice to a renewed motion at a later date.

## II.  DISCUSSION

**A.  Application to Proceed *in forma pauperis*.**

Under 28 U.S.C. § 1915, "any court . . . may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give

security therefor." Petty's application to proceed *in forma pauperis* indicates that she is unemployed and homeless. The Court finds that her application establishes an inability to pay for the prosecution of his case.

**B.     Application Requesting Assistance of Counsel.**

The Court of Appeals for the Second Circuit has articulated the factors that a court should consider in deciding whether to appoint counsel for an indigent civil litigant under 28 U.S.C. § 1915(d). In making this determination, the court "exercises substantial discretion, subject to the requirement that it be guided by sound legal principle." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989) (*citing Jenkins v. Chemical Bank*, 721 F.2d 876, 879 (2d Cir. 1983)). The court must first ask whether plaintiff can afford to obtain counsel. *See Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994).

If the court finds that a plaintiff cannot afford counsel, it must then examine the merits of the case and determine whether the indigent's position "seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986). If the claim meets this requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination. *Id.* at 60-61.

These requirements have been applied to appointment of counsel applications in actions seeking review of final determinations which have denied SSI or disability benefits. *See, e.g., Fernandez v. Bowen*, 676 F. Supp. 550, 551 (S.D.N.Y.1988); *Cortez v. Secretary, Dep't of Health & Human Servs.*, No. 88 Civ. 8497 (SWK) (BAL), 1991 WL 2758 (S.D.N.Y. Jan. 9,

1991).

Petty satisfies the threshold requirement insofar as her *in forma pauperis* status establishes her inability to afford counsel.  The Commissioner has determined that Petty is not "disabled" as defined in 42 U.S.C. § 1382(a)(3).  The Commissioner's finding is binding on this court if it supported by "substantial evidence."  42 U.S.C. § 405(g).  The Commissioner has filed the entire administrative record for judicial review.  As a result, there is no need for cross examination in this matter.  The controlling issue is not so overwhelmingly complex that Petty cannot be afforded a just determination without legal representation and this court is able to fully examine the record upon submission of the parties' papers.  *Fernandez*, 676 F. Supp. at 551-552.

After careful review of Petty's application in light of the aforementioned considerations, the Court finds that the appointment of counsel is not warranted in this case.

### III.   CONCLUSION

For the foregoing reasons, Petty's application for *in forma pauperis* is **GRANTED**, and her application requesting assistance of counsel is **DENIED** without prejudice to a renewed motion at a later date.

**SO ORDERED this 5th day of December 2012**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge

3