UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ALISON L. PETTY,

        Plaintiff,

  -v-                                                    No. 12 Civ. 1644 (LTS)(RLE)

CAROLYN W. COLVIN,

        Defendant.

-------------------------------------------------------x

<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

        Allison L. Petty ("Plaintiff") filed this action on March 2, 2012, seeking review of the final determination of Carolyn W. Colvin, the Commissioner of Social Security (the "Commissioner"), denying Plaintiff disability benefits. The Commissioner moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). On March 5, 2014, Magistrate Judge Ellis entered a Report and Recommendation (the "Report") which recommends that the Commissioner's motion for judgment on the pleadings be granted and that the Complaint be dismissed. Plaintiff filed a timely objection to the Report on March 24, 2014.

        The Court has thoroughly reviewed the Report and the parties' submissions, and, for the following reasons, the Report is adopted in its entirety, the Commissioner's motion is granted, and the Complaint is dismissed.

        In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.S. § 636(b)(1)(C) (LexisNexis 2012). A court is required to make a <u>de novo</u> determination as to the aspects of the Report to which timely objections are made. <u>United States v. Male Juvenile</u>, 121 F.3d 34, 38 (2d Cir. 1997). However, if the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error. <u>Barratt v. Joie</u>, 96 Civ. 324, 2002 WL 335014, at *1

(S.D.N.Y. Mar. 4, 2002).  Objections to a Report and Recommendation are to be 'specific and are to address only those portions of the proposed findings to which the party objects.' Zamudio-Berges v. United States, 08 Civ. 8789, 2013 WL 2896978, at *2 (S.D.N.Y. June 13, 2013) (quoting Camardo v. General Motors Hourly–Rate Employees Pension Plan, 806 F. Supp. 380, 381–82 (W.D.N.Y.1992)).  Furthermore, it is improper for an objecting party to attempt to relitigate the matter by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge.  Pu v. Charles H. Greenthal Mgmt. Corp., 08 Civ. 10084, 2010 WL 774335, at *1 (S.D.N.Y. Mar. 9, 2010).

The Report contains a comprehensive summary of the record below and familiarity with that summary is assumed.

Plaintiff's principal objection to the Report simply reiterates the arguments that Plaintiff made to Magistrate Judge Ellis in opposition to the Commissioner's motion.  Plaintiff's objection describes her diagnoses and current conditions, asserts that she is unable to work, and expresses deep frustration about the denial of her application for Social Security Disability benefits.  (See Docket entry no. 36 at pg. 2.)  The Report contains a careful analysis of the Commissioner's determination to deny her Social Security Benefits and explains that the challenged determination was based on correct legal principles and is supported by substantial evidence in the record.  Plaintiff's objection does not identify any specific legal or factual errors in Judge Ellis' analysis.  Therefore, the Court reviews the Report for clear error.

Plaintiff attached to her objection a note written on "Official New York State Prescription" letterhead of Parkchester Medical Services of New York stating that Plaintiff has been unable to work since April 8, 2009.  Although Plaintiff does not affirmatively seek a remand of her case to the Social Security Administration for further review, because she is pro se, the Court reviews her submissions liberally to determine whether remand to the

Commissioner is appropriate based on her submission.  See Rodriguez v. Barnhart, 01 Civ. 3411, 2002 WL 31875406, at *3 (S.D.N.Y. Dec. 24, 2002).  A district court may consider new evidence only as a basis for remand, not as a basis for reconsideration of the determination of the Commissioner.  Moscatiello v. Apfel, 129 F. Supp. 2d 481, 490 (E.D.N.Y. 2001).  A court may remand a case to the Commissioner for consideration of additional evidence "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C.S. § 405(g) (LexisNexis 2012).  However, the Commissioner is required to review additional material on remand only if it relates to Plaintiff's inability to work during the period on or before the date of the administrative law judge hearing decision.  20 C.F.R. § 404.970.  To the extent the note relates to the period prior to the Commissioner's decision on March 2, 2012, Plaintiff has offered no good cause for delay in obtaining that evidence, and it thus may not serve as a basis for remand.

Plaintiff also states in her objection that her condition has worsened since the final decision of the Commissioner was entered.  Plaintiff's proffer that her condition has worsened since the Commissioner's determination is immaterial because it concerns events after the Commissioner's decision to deny her benefits.  See Camacho v. Comm'r of Soc. Sec., 04 Civ. 2006, 2005 WL 3333468, at *4 (E.D.N.Y. Dec. 6, 2005) ("The evidence proffered by [the plaintiff], by contrast, relates to conditions that have allegedly arisen since his application for SSI was denied; therefore, remand for consideration of the evidence is not warranted.").  Plaintiff can, however, reapply for Social Security Disability benefits based on her alleged deteriorating condition.  See Velasquez v. Barnhart, 03 Civ. 6448, 2004 WL 1752825, at *4 (S.D.N.Y. Aug. 4, 2004) ("If [Plaintiff]'s condition has indeed worsened since the ALJ issued his opinion on February 11, 2003, as Dr. Cafferty's letter suggests, she is encouraged to reapply for benefits."); Ryles v. Sec'y of Health & Human Servs., 526 F. Supp. 1141, 1143 (E.D.N.Y. 1981)

("[I]f a claimant's physical condition should deteriorate after a claim has been denied, the proper procedure is to reapply for disability benefits based upon the facts as they then exist."); Camacho, 2005 WL 3333468, at *4.

The Court has reviewed carefully Magistrate Judge Ellis' thorough Report and finds no clear error. The Court, therefore, adopts the Report in its entirety for the reasons stated therein. Accordingly, the Commissioner's motion for judgment on the pleadings is granted, and the Complaint is dismissed in its entirety.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962).

This Order resolves docket entry number 29. The Clerk of Court is requested to enter judgment dismissing the Complaint and close this case.

SO ORDERED.

Dated: New York, New York
June 2, 2014

    /S Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Copy mailed to:
Mrs. Allison L Petty
421 East 168th Street, #16D
Bronx, N.Y. 10456